**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN MESSINO,<br><br>Plaintiff,<br><br>v.<br><br>City of Elmhurst and Elmhurst Police Officer Jason Krueger, Star No. 244,<br><br>Defendants. | ) | Case No.:<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff John Messino ("Messino") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Elmhurst Police Officer Jason Krueger, Star No. 244, ("Krueger") was employed by the Elmhurst Police Department, and was acting under color of state law and as the employee, agent, or representative of the Elmhurst Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, the City of Elmhurst was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Elmhurst maintained, managed, and/or operated the Elmhurst Police Department.

## FACTUAL ALLEGATIONS

6. On June 27, 2018, Plaintiff was lawfully located at or near 531 N. Walnut St., in the City of Elmhurst, County of DuPage, State of Illinois.

7. On that day and place Defendant Krueger seized Plaintiff's person without legal cause and subjected him to a custodial arrest.

8. Defendant Krueger did not have probable cause to arrest Plaintiff for any crime.

9. On that date Plaintiff had not engaged in any criminal activity.

10. Defendant Krueger did not witness Plaintiff commit any criminal act.

11. On or about June 27, 2018, Defendant Krueger caused plaintiff to be charged with committing a criminal offense despite the fact that there was not probable cause to charge Plaintiff with committing any crime.

12. As a result of Defendant Krueger causing Plaintiff to be charged with a criminal offense he was subjected to a legal process and pretrial detention.

13. Defendant Krueger knew that the pretrial detention of Plaintiff was not supported by probable cause.

14. On November 29, 2018, at the conclusion of a trial Plaintiff was found not guilty of all charges/counts.

15. By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

16. The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of Defendant, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendant Krueger, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Krueger for**
**UNREASONABLE SEIZURE**

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

20. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) The custodial arrest of Plaintiff was not supported by probable cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendant, in his individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Krueger For**
**UNREASONABLE PRETRIAL DETENTION**

21. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

22. Defendant Krueger subjected Plaintiff to legal process and a pretrial detention without probable cause.

23. Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial detention that restricted his liberty.

24. All the criminal charges against Plaintiff terminated in his favor when he was found not guilty at the conclusion of his trial on November 29, 2018.

25. As a result of the foregoing, Plaintiff has sustained damage.

26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty without any probable cause for the detention was in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendant in his individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff against Krueger and The City of Elmhurst For**
**MALICIOUS PROSECUTION**

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place

29. Defendant Krueger was employed by the City of Elmhurst, and maliciously commenced and caused to be continued criminal charges against Plaintiff.

29. Defendant Krueger initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, and/or preparing and/or signing a false criminal complaints and/or giving false statements to prosecutors for the purpose of causing the initiation and/or continuation of the criminal prosecution of Plaintiff.

30. The criminal proceedings terminated in Plaintiff's favor when he was found not guilty of all charges on November 29, 2018.

31. As a result of being prosecuted for these crimes Plaintiff was injured emotionally, financially, and otherwise.

32. The City of Elmhurst is liable to Plaintiff for the acts of Defendant Krueger pursuant to the doctrine of *respondeat superior*.

33. Therefore, Defendant Krueger and the City of Elmhurst are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants, other than City of Elmhurst, be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Elmhurst be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com